

October 14, 2020

> Application for a pre-motion conference granted. A telephone conference is scheduled for 11/23/2020 at 10:30 a.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated:  New York, New York
>         October 26, 2020

The Honorable Philip M. Halpern,
United States District Judge
United States District Court
   for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

      Re:    <u>EverCare Choice, Inc. v. PKF O'Connor Davies, LLP, et al.,7:20-cv-02733-PMH (SDNY)</u>

Dear Judge Halpern:

      Our firm represents defendants PKF O'Connor Davies, LLP,[1] Thomas P. Kennedy, Christopher J. McCarthy, Michael Suarez, Garrett M. Higgins and Dorothea Russo (the "PKF Defendants"). On behalf of the PKF Defendants, and after having completed the letter exchange as directed by your Individual Practices in Civil Cases paragraph 4 (C), we write pursuant to paragraph 2(C) to request a pre-motion conference in order to obtain your permission to file a motion to dismiss the Second Amended Complaint pursuant to Fed.R.Civ.P 12(b)(6), 12(f) and 9(b), and to set forth the basis for the anticipated motion.

      At the outset we note that every claim pleaded in the Second Amended Complaint is time-barred under the terms of the engagement letters executed by PKF O'Connor Davies LLP and

---

[1] O'Connor Davies, LLP and O'Connor Davies Munns & Dobbins, LLP are prior names of the firm now named PKF O'Connor Davies, LLP.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

8476339v.1



EverCare (then known as Elant Choice Inc.).² Each engagement letter provides that "[a]ny and all claims by [EverCare] arising under this engagement must be commenced by [EverCare] within one year following the date on which our firm delivered our report on the financial statements associated with this engagement…" As alleged in paragraph 2 of the Second Amended Complaint, PKF O'Connor Davies served as the independent auditor of EverCare "through and including mid-May, 2016." As this action was not filed until nearly 4 years after EverCare itself alleges that PKF O'Connor Davies ceased serving as EverCare's auditors, the case on its face is time-barred pursuant to the parties' agreements. New York and federal law allow for parties to contractually agree to a limitations period shorter than that prescribed by law. *See* N.Y. C.P.L.R. §201; *see also* Order of United Commercial Travelers v. Wolfe, 331 U.S. 586, 67 S. Ct. 1355 (1947). An agreement to shorten the limitations period will be upheld in New York as long as it is reasonable and voluntarily agreed to, and the intention to establish a shorter period is clearly set forth. Chase v. Columbia Nat'l Corp., 832 F. Supp. 654, 659-60 (S.D.N.Y. 1993). And, it specifically has been determined that an accounting firm's agreement with its client to shorten applicable limitation periods to one year is reasonable. Aaron v. Deloitte Tax LLP, 2016 NY Slip Op 31604(U) (Sup. Ct.).

Moreover, assuming the Court does not rule as a matter of law that the case is untimely, the case either should be dismissed or stayed pending mediation and/or arbitration based upon the parties' agreements to mediate/arbitrate their disputes. In that regard, each of the engagement letters provides:

> Any claim or controversy ("dispute") arising out of or relating to this engagement, the services provided thereunder, or any other services provided by or on behalf of the firm or any of its subcontractors or agents to [EverCare] or at its request (including any dispute involving any person or entity for whose benefit the services in question are or were

---

² Copies of the 4 most recent engagement letters between PKF O'Connor Davies and EverCare are attached as Exhibits A, B, C and D.

provided), shall first be submitted in good faith for mediation administered by the American Arbitration Association ("AAA") under its Mediation Rules… If the dispute is not resolved by mediation within 90 days of its submission to the mediator, then, and only then, the parties shall submit the dispute for arbitration administered by the American Arbitration Association under its Professional Accounting and Related Services Dispute Resolution Rules (the "Rules").

According to the parties' agreements, this case improperly was commenced in federal court; the condition precedent of mediation was not met, and the arbitration agreement was ignored. The assertion of RICO claims does not nullify the agreement to arbitrate. *See* Shearson/American Express v. McMahon, 482 U.S. 220, 107 S. Ct. 2332 (1987) ("parties which 'having made the bargain to arbitrate,' will be held to their bargain;" a RICO claim is arbitrable).

With respect to the substantive allegations in the Second Amended Complaint, the purported RICO claim (18 U.S.C. § 1962(c)) is insufficiently pleaded and must be dismissed. In Reves v. Ernst & Young, 507 U.S. 170, 113 S. Ct. 1163 (1993), the Supreme Court held that independent auditors acting as such, and who base their audits on the financial records provided to them by their clients, do not "participate in the operation or management of the enterprise itself," and therefore are not liable under RICO. In Reves, the Court noted that by drafting their client's financial statements from information on management's accounting system, the auditor's involvement did not rise to the level of participating in the operation or management of the enterprise. The PKF Defendants similarly relied on EverCare management's information to perform their audits of EverCare's financial statements and provide their limited support to EverCare's preparation of their state cost reports. As is clearly laid out in the engagement letters, the PKF Defendants were engaged to "audit [EverCare's] statements of financial position and the related statements of operations and changes in net assets, and cash flows" and "[to] perform additional procedures necessary to certify the supplemental information required by New York State Department of Health in the cost report. The preparation of these reports will be the

8476339v.1


responsibility of [EverCare]. Our responsibility will be to render our opinion on the cost report based on our audit procedures performed." This language unequivocally demonstrates that the PKF Defendants did not "participat[e] in the operation or management of the enterprise." Accordingly, a key element of the RICO claim cannot be sustained against the PKF Defendants.

Concerning the RICO conspiracy claim (18 U.S.C. § 1962(d)), EverCare has not and cannot adequately allege standing. Hecht v. Commerce Clearing House, Inc., 897 F. 2d 21 (2d Cir. 1990); *see also* Beck v. Prupis, 529 U.S 494 (2002). To the extent EverCare has alleged any "predicate acts" against the PKF Defendants, those acts were not the cause of the alleged injury, so standing is absent. Moreover, once the conclusory legal assertions are put aside, every factual allegation about what the PKF Defendants did or failed to do is at least as consistent with the innocent provision of professional services as it is with agreement to advance the supposed conspiracy. EverCare has not alleged sufficient facts establishing an inference that the PKF Defendants agreed to the purported "overall conspiracy" or commission of predicate acts in furtherance of that conspiracy. ADA v. Cigna Corp., 605 F.3d 1283 (11th Cir. 2010); Ozbakir v. Scotti, 764 F. Supp. 2d 556 (WDNY 2011).

The remainder of the claims must also be dismissed for a variety of reasons. *First,* if the RICO claims are dismissed, as they should be, the Court should decline to exercise supplemental jurisdiction. *Second*, the fraud and RICO claims have not been pleaded with the required particularity, especially with respect to the individual defendants' actions as it relates to the fraud claim. While the Second Amended Complaint does now contain a listing of the individual defendants along with the services they allegedly provided to EverCare, it does not allege a single misrepresentation individually attributable to any of the individual defendants, which makes it impossible to meet the particularity standard required for fraud claims. LaSalle National Bank v.



- 5 -

Ernst & Young, LLP (285 A.D.2d 101[1st Dep't 2001]). *Third,* the breach of fiduciary duty claim fails as "the duty owed by an accountant to a client is generally not fiduciary in nature." DG Liquidation, Inc., v. Anchin, Block & Anchin, LLP, 300 A.D.2d 70 (1st Dep't 2002); Friedman v. Anderson, 23 A.D.3d 163, 166 (1st Dep't 2005)). *Fourth,* the aiding and abetting fraud and breach of fiduciary duty claims fail as there are no credible allegations that the PKF Defendants (a) had actual knowledge of fraud or breach of fiduciary duty by the Elant management, and (b) took action to facilitate such fraud or breach of fiduciary duty. Here, the PKF Defendants' insistence that the large inter-company transfers seemingly at the center of the Second Amended Complaint be disclosed in the financial statements of both EverCare and Elant, Inc., which both entities undisputedly did disclose, militates against the notion that the PKF Defendants acted to facilitate fraud or breach of fiduciary duty. *Fifth*, the breach of contract cause of action, which is in essence a claim for professional malpractice, is further time-barred under CPLR 214(6). *Lastly*, the scandalous and unrelated information pertaining to the Town of Ramapo matter must be stricken pursuant to Fed.R.Civ.P. 12(f); it does not involve the same actors in this case, is irrelevant to plaintiff's allegations, and obviously was included simply to smear the defendants.

It is respectfully submitted that none of the claims against the PKF Defendants are legally sustainable. We therefore write to request permission to move to dismiss the Complaint in its entirety.

Respectfully,

Wilson Elser Moskowitz Edelman & Dicker LLP

Thomas R. Manisero

TRM:ms

Enclosures

8476339v.1

cc: Peter B. Zlotnick, Esq. (via ECF)
    Ted A. Berkowitz, Esq. (via ECF)
    Alexander Litt, Esq. (via ECF)
    Peter J. Larkin, Esq.
    Bradley M. Pryba, Esq.