UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    Civil Case No. 7:20
EVERCARE CHOICE, INC.,                                                        cv-02733-PMH

                                       Plaintiff,              **DECLARATION OF**
                                                          **PETER B. ZLOTNICK**

    -against-

PKF O'CONNOR DAVIES, LLP; O'CONNOR DAVIES,
LLP, O'CONNOR DAVIES MUNNS & DOBBINS, LLP;
and Individuals THOMAS P. KENNEDY; CHRISTOPHER
J. McCARTHY; MICHAEL J. SUAREZ**;** GARRETT M.
HIGGINS; DOROTHEA RUSSO, AND JOHN DOES 1-10.

                                        Defendants.
----------------------------------------------------------------X

        **PETER B. ZLOTNICK**, pursuant to 28 U.S.C. §1746, hereby declares and states under the penalties of perjury as follows:

        1.     I am a partner at the law firm of Moritt Hock & Hamroff, LLP, attorneys for the Plaintiff EverCare Choice, Inc. ("EverCare"), and respectfully submit this Declaration in opposition to Defendants' motion for an Order staying or dismissing this action and compelling EverCare to mediate and arbitrate its claims against Defendants (the "Motion").

        2.     Specifically, I submit this Declaration to address Defendants' argument that because "no mediation has yet taken place as required by the agreement between the parties, … EverCare has violated this condition precedent contained in the engagement letter." (*See* Memorandum of Law in Support of Defendants' Motion for an Order Staying or Dismissing this Acion and Compelling Mediation and Arbitration, at p. 6.)

        3.     Although EverCare is not subject to the arbitration agreement contained in the engagement letters between the parties for the reasons set forth in the accompanying Declaration of Sylvia McTigue, dated December 21, 2020 and EverCare's Memorandum of Law in opposition

1

to Defendants' Motion (namely, that the claims in this action fall outside the purview of the arbitration provision and the arbitration provision, itself, violates public policy and is void *ab initio*), EverCare is compelled to respond to Defendants' argument that EverCare failed to submit this dispute to mediation.

4. In or about October 2020, my partner, Ted A. Berkowitz, and I held a telephonic conference with counsel for the Defendants, at which time we discussed the prospect of mediating the parties' disputes before a mediator mutually acceptable to the parties.

5. At the conclusion of the telephonic conference, counsel for the parties agreed that they would raise the possibility of mediation with their respective clients.

6. On November 20, 2020, I sent Defendants' counsel an email at 7:13 p.m. stating:

> Dear Tom,
>
> Please see the attached letter concerning our client's willingness to mediate the above-captioned dispute. We will be sending to you shortly a separate email, listing prospective neutrals whom EverCare would find acceptable to serve as mediator of this matter.
>
> We look forward to hearing from you too whether your clients are also willing to mediate.
>
> Best,
> Peter

(A true and correct copy of my November 20, 2020 email at 7:13 p.m. is annexed hereto as Exhibit "A.")

7. I also sent counsel for Defendants a letter, dated November 20, 2020 stating, *inter alia*:

> We have now had an opportunity to discuss with propriety of mediating with EverCare's representatives who have authorized us to send you this letter to notify you that EverCre would be willing to engage in mediation. To that end, EverCare has requested that we present to you judges or seasoned litigators with experience

2

        serving as settlement facilitators in complex RICO and financial fraud matters.

(A true and correct copy of my November 20, 2020 letter is annexed hereto as Exhibit "B.")

8. I then sent another email on November 20, 2020 at 7:47 pm. to counsel for Defendants attaching a list of biographies of 10 prospective mediators acceptable to EverCare to serve as a neutral in connection with a mediation of the parties' dispute. (A true and correct copy of my November 20, 2020 email at 7:47 p.m. is annexed hereto as Exhibit "C.").

9. I asked Defendants' counsel to "please review these mediator candidates and kindly advise us whether any of the proposed neutrals are acceptable." (*Id*.).

10. I also stated in my letter that if "you wish to propose alternative mediator candidates, we would welcome a list of acceptable candidates from you." (*Id*.).

11. To date, I have not received any response from Defendants' counsel to my emails and letter proposing that the parties' proceed to mediation to resolve their disputes.

12. Whether the parties must submit their disputes to mediation as a pre-condition to arbitration is irrelevant, because the claims alleged by EverCare in this action fall well beyond the purview of the mediation and arbitration provision in the engagement letters which violate public policy and are void *ab initio*. Nonetheless, Defendants contention is clearly without merit and belied by ample documentary evidence.

13. It is nonsensible to contend Defendants should be permitted to ignore EverCare's request to proceed to mediation, on the one hand, and then argue, on the other hand, that EverCare has violated a condition precedent by not seeking mediation.

I declare under penalty of perjury of the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and information. Executed this 21th day of December, 2020.

                                                                                                               s/Peter B. Zlotnick
                                                                                                               PETER B. ZLOTNICK