

**Peter J. Larkin**
914.872.7847 (direct)
914.552.3289 (mobile)
Peter.Larkin@wilsonelser.com

April 12, 2024

**BY ECF**

Hon. Philip M. Halpern, U.S.D.J.
United States District Court, Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4160

     Re:    *EverCare Choice, Inc. v. PKF O'Connor Davies, LLP, et al.,*
              Civil Case No.     :     7:20-cv-02733-PMH

Dear Judge Halpern,

      We represent the defendants in the referenced action. I write pursuant to your Individual Practices

Rule 2(C) to request a pre-motion conference so that defendants may seek permission to file a motion to

dismiss plaintiff's Third Amended Complaint ("TAC")(ECF 44) based on the grounds set forth below.

      The TAC (ECF 44) is a prolix pleading of 91 pages with 18 associated exhibits (ECF 44.1-44.18).

Despite its great length, the TAC does not present any timely or actionable claims against the defendants.

     *Plaintiff's claims are untimely*

      The TAC premises at least a portion of plaintiff's claims on engagement letters entered between

plaintiff and defendants on or about January 19, 2015, and February 12, 2016 (TAC at ¶ 355). Both

engagement letters include a provision limiting any claims by plaintiff against the defendants to a

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NJ | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

295562456v.1



contractually agreed one-year statute of limitations. The TAC alleges that the conduct at issue here mostly

occurred prior to December 31, 2015, which is referred to as the "Pre-Separation Period," and makes no

allegations against defendants later than May 2016 (TAC ¶¶ 43-44, *passim*). Plaintiff commenced this action

on April 1, 2020 (ECF 1), far more than one-year after the alleged conduct, so the claims are time barred.  *See*

*Chase v. Columbia Nat'l Corp.*, 832 F. Supp. 654, 659-60 (S.D.N.Y. 1993); *John J. Kassner & Co. v New*

*York*, 46 N.Y.2d 544 (1979). We anticipate that plaintiff will argue the limitations period in the engagement

letters is not enforceable for any number of reasons (*see e.g.,* TAC ¶ 240), but we believe these arguments

miss the mark. Plaintiff's primary argument—that the provision violates 10 NYCRR Part 98 and was ruled as

such by the arbitrator—is not applicable at all to the January 19, 2015 engagement letter and we believe fails

for other reasons as well.

Even if the contractually agreed one-year statute of limitations is not applied, plaintiff's claims still

are time-barred. Counts VI and VII in the TAC, alleging claims based on the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), have a four-year statute of limitations measured from when the plaintiff

discovers the injury, not when all elements of the RICO claim are known. *Rotella v. Wood*, 528 U.S. 549,

552 (2000). Plaintiff was well-enough aware of the injuries it claims were inflicted by the Elant entities

that plaintiff's counsel sent a legal demand letter to the Elant entities on August 7, 2015 (ECF 44.2, TAC

Exhibit 1, Amended Complaint in prior state court action against Elant at ¶ 453). Plaintiff also sent a

litigation hold letter to defendants in August 2015. For these and other reasons, storm warnings giving

rise to a duty of inquiry by plaintiff arose far more than four years prior to the commencement of this

action, so it is time-barred. *See Koch v. Christie's Int'l. PLC*, 699 F.3d 141 (2d Cir. 2012).

Since subject matter jurisdiction in this court is premised on the assertion of a federal question

(TAC ¶ 19), dismissal of the RICO counts would seem to warrant dismissal of the entire case. However,

should the Court reach assessment of the common law counts asserted in the TAC (Counts I-V), all of

those claims also are time-barred. The breach of contract count (Count V) is a thinly masked malpractice

claim that is premised on defendants departing from professional due care (TAC ¶¶ 364-5) and seeking

the very same damages as all of the other common law tort claims asserted (*compare* TAC ¶ 371 *with*



TAC ¶¶ 321, 329 and 336; *also see* TAC ad damnum clauses at pgs. 91-92). Pursuant to New York's CPLR 214(6), which provides for a three-year statute of limitation, the breach of contract/malpractice court is time barred. Additionally, when each of the other common law counts are examined, it also becomes clear that they also are thinly veiled malpractice claims asserted as something else to escape the three-year statute for malpractice claims. When viewed as what they actually are (i.e., malpractice or possibly negligent misrepresentation claims), it is clear that they all must be measured against CPLR 214(6) and dismissed accordingly. *See e.g.* CPLR 214(6); *State v. Cortelle Corporation,* 38 N.Y.2d 83, 378 N.Y.S.2d 654 (1975); *Brick v. Cohn Hall-Marx Co.,* 276 N.Y. 259, 11 N.E.2d 902 (1937); *Kartiganer Associates, P. C. v. Town of Newberg,* 57 A.D.2d 857, 394 N.Y.S.2d 262 (2d Dep't 1977); *Korry v. International Tel. & Tel. Corp.*, 444 F. Supp. 193, 195 (S.D.N.Y. 1978); *Iandoli v. Asiatic Petroleum Corp.*, 57 A.D.2d 815, 816, 395 N.Y.S.2d 15 (1st Dep't 1977); *LaSalle National Bank v. Ernst & Young, LLP,* 285 A.D.2d 101 (1st Dep't 2001); *Krantz v. Chateau Stores of Can. Ltd.*, 256 A.D.2d 186, 187 (1st Dep't 1998); *Adamson v. Bachner*, 2002 U.S. Dist. LEXIS 21102, *8-9 (S.D.N.Y. Oct. 31, 2002). Tellingly, plaintiff chose not to assert the malpractice claim contained in its initial complaint (ECF 5, Complaint at ¶¶ 393-400) in an obvious attempt to plead around the fact that the claims are time-barred.

 *Plaintiff's claims fail to state actionable causes of action*

 Claims alleging violation of RICO against auditors are difficult to sustain. To state a claim for violation of RICO under 18 U.S.C. § 1962(c), plaintiff must be able to allege facts establishing that the auditor was an actual participant in the operation or management of the criminal enterprise. *Reves v. Ernst & Young*, 507 U.S. 170 (1993). In *Reves*, the Supreme Court held that independent auditors acting as such, and who base their audits on the financial records provided to them by their clients, do not "participate in the operation or management of the enterprise itself," and therefore are not liable under RICO. In *Reves,* the Court noted that by drafting their client's financial statements from information on management's accounting system, the auditor's involvement did not rise to the level of participating in the operation or management of the enterprise. Even where accounting firms have gone beyond their customary roles, they



- 4 -

have not been deemed to participate in the enterprise itself. *See Chamarac Properties, Inc. v. Pike* (1993 U.S. Dist. LEXIS 14593, 1993 WL 427137, *3 (S.D.N.Y. Oct. 19, 1993). Here, plaintiff alleges nothing more than conclusory allegations of participation against the defendants. The repeated formula throughout the TAC is to allege conduct against the Elant entities and those who ran the Elant entities, characterize that conduct as criminal, and then allege in conclusory fashion that the defendants participated in that conduct, but with no factual allegations to support those assertions. Plaintiff has not and cannot allege a sustainable violation of RICO against the defendants.

Plaintiff's RICO conspiracy claim similarly fails. EverCare has not and cannot adequately allege standing. To have standing, a plaintiff must show (1) a violation of section 1962; (2) injury to business or property; and (3) causation of the injury by the violation. *Hecht v. Commerce Clearing House, Inc.,* 897 F. 2d 21 (2d Cir. 1990); *Beck v. Prupis*, 529 U.S 494 (2002). To the extent EverCare has alleged any "predicate acts" against the defendants, those acts were not the cause of the alleged injury, so standing is lacking. Moreover, once the conclusory legal assertions are put aside, EverCare has not alleged facts establishing an inference that the defendants agreed to the purported "overall conspiracy" or commission of predicate acts in furtherance of that conspiracy. Simply specifying dates and contents of communications cannot constitute a valid claim. *ADA v. Cigna Corp.,* 605 F.3d 1283 (11th Cir. 2010); *Ozbakir v. Scotti*, 764 F. Supp. 2d 556 (W.D.N.Y. 2011). Finally, where a plaintiff has not adequately pleaded a substantive RICO violation, the conspiracy claim also must fail. *See Silvester v. Selene Fin., LP*, 2021 US Dist. LEXIS 42969 (SDNY Mar. 8, 2021).

If the RICO claims are dismissed, as they should be, the Court should decline to exercise supplemental jurisdiction over the remaining causes of action, which also then should be dismissed. If the Court reaches the adequacy of the pleading of the common law counts, those also should be dismissed. As noted above, plaintiff chose to omit the malpractice count from the TAC. Since what plaintiff actually has alleged is nothing more than malpractice or possibly negligent misrepresentation claims, the causes of action plaintiff has chosen to plead simply to avoid the statute of limitations should be dismissed because they miscast what actually is at issue. Taken separately, the common law causes of action as alleged also



fail. The fraud claim has not been pleaded with the required particularity, especially with respect to the defendants' supposed fraudulent conduct. *LaSalle National Bank v. Ernst & Young, LLP*, 285 A.D.2d 101 (1st Dep't 2001). The breach of fiduciary duty claim fails as "the duty owed by an accountant to a client is generally not fiduciary in nature." *DG Liquidation, Inc., v. Anchin, Block & Anchin, LLP*, 300 A.D.2d 70 (1st Dep't 2002); *Friedman v. Anderson*, 23 A.D.3d 163, 166 (1st Dep't 2005).  The aiding and abetting fraud and breach of fiduciary duty claims also fail as there are no credible factual allegations that the defendants (a) had actual knowledge of fraud or breach of fiduciary duty by the Elant management, and (b) took action to facilitate such fraud or breach of fiduciary duty. The defendants were transparent when it came to identifying the inter-company transfers on the financial statements for both Elant and EverCare, and provided plaintiff with much of the information upon which its claims against the Elant entities are based, which militates against any notion that the defendants acted to facilitate fraud or breach of fiduciary duty.

Lastly, the scandalous and wholly unrelated allegations regarding the Town of Ramapo matter must be stricken pursuant to Fed.R.Civ.P. 12(f) because that matter does not have any facts in common with the present matter, is wholly irrelevant to plaintiff's allegations, and clearly is included simply to smear the defendants (TAC ¶¶ 242-256).

It is respectfully submitted that none of the claims against the defendants are legally sustainable. Accordingly, the defendants request a pre-motion conference to seek permission to file a motion to dismiss the TAC its entirety.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Peter J. Larkin*

Peter J. Larkin

cc:     Peter B. Zlotnick, Esq. (via ECF)
        Ted A. Berkowitz, Esq. (via ECF)
        Alexander B. Litt, Esq. (via ECF)
        Stephen J. Ginsburg, Esq. (via ECF)
        Thomas R. Manisero, Esq.
        Jodi Weissberg, Esq.
        Kevin Shaftan, Esq.