UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
EVERCARE CHOICE, INC.,

                              Plaintiff,

    -against-                                            7:20-cv-02733-PMH

PKF O'CONNOR DAVIES, LLP; O'CONNOR DAVIES,
LLP; O'CONNOR DAVIES MUNNS & DOBBINS, LLP;
and Individuals THOMAS P. KENNEDY; CHRISTOPHER
J. McCARTHY; MICHAEL J. SUAREZ; GARRETT M.
HIGGINS; AND JOHN DOES 1-10,

                              Defendants.
---------------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFF'S MOTION
# TO CONFIRM ARBITRATION ORDER

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Attorneys for Defendants*
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000

296782547v.1
296782547v.1

**TABLE OF CONTENT**

                                                           **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

FACTS ........................................................................................................................................ 3

       Subject Matter Jurisdiction ....................................................................................... 3

       Mootness .................................................................................................................. 3

ARGUMENT ............................................................................................................................. 3

            THE COURT SHOULD CONSIDER ITS SUBJECT MATTER
            JURISDICTION TO CONFIRM THE ARBITRATION ORDER ............ 3

                  A.   There is no independent subject matter jurisdiction ................ 3

                  B.   Plaintiff's application should be denied as moot ..................... 8

CONCLUSION ........................................................................................................... 10

296782547v.1

# TABLE OF AUTHORITIES

                                                                                **Page(s)**

**Cases**

*Badgerow v. Walters*,
   596 U.S. 1, 142 S. Ct. 1310 (2022)
   .......................................................................................................2, 4, 5, 6, 7

*Hall St. Assoc., L.L.C. v. Mattel, Inc.*,
   552 U.S. 576 (2008)..............................................................................................2

*Jules v. Andre Balazs Props.*,
   2023 U.S. Dist. LEXIS 161406 (S.D.N.Y. Sept. 12, 2023).........................................6

*Kaki v Tenet Healthcare Corp.*,
   2022 U.S. App. LEXIS 18062 (6th Cir. June 29, 2022) ...........................................6, 7

*Kokkonen v. Guardian Life Ins. Soc. of America*,
   511 U.S. 375 (1994)..............................................................................................3

*Malkin v. Shasha*,
   2023 U.S. App. LEXIS 9410 (2d Cir. Apr. 20, 2023) ...................................................7

*Smartsky Networks, LLC v DAG Wireless, Ltd.*,
   93 F.4th 175 (4th Cir. 2024) ......................................................................................6

*Stafford v. IBM*,
   78 F.4th 62 (2d Cir. 2023) ................................................................................2, 8, 9

*Vaden v. Discover Bank*
   (556 U.S. 49 (2009)) ...............................................................................................4

*White v Titlemax of Virginia*,
   2024 U.S. App. LEXIS 10593 (4th Cir. May 1, 2024) ................................................6

**Statutes**

28 U.S.C. § 1331................................................................................................................4

28 U.S.C. § 1332(a) ..........................................................................................................4

FAA Chapter 1, 9 U.S.C. § 1 *et seq.*................................................................................1

FAA section 3 ...............................................................................................................6, 7

FAA sections 3 and 4......................................................................................................6, 7

FAA section 4 ................................................................................................................4, 5

FAA Sections 9 ............................................................................................................................. 6

FAA sections 9 and 10 ........................................................................................................ 2, 4, 5, 6

**Other Authorities**

U.S. Constitution Article III ..................................................................................................... 2, 8

This Memorandum of Law is respectfully submitted on behalf of defendants PKF O'Connor Davies, LLP (O'Connor Davies, LLP and O'Connor Davies Munns & Dobbins, LLP are former names of the firm now known as PKF O'Connor Davies, LLP), Thomas P. Kennedy, Christopher J. McCarthy, Michael J. Suarez and Garrett M. Higgins, collectively ("PKFOD"), in opposition to the Plaintiff's motion seeking to confirm an arbitration order pursuant to Chapter 1 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

## INTRODUCTION

On November 20, 2023, the Hon. Shira Scheindlin (ret.) of the American Arbitration Association ("AAA"), in her capacity as arbitrator, issued an order, which granted plaintiff's motion to remand this matter back to the United States District Court for the Southern District of New York ("SDNY"). See Zlotnick Decl. Exhibit 1. The order does not address the merits of the action and does not award anything, but, instead, simply grants plaintiff's motion to remand.

As a result of that order, the present action has been restored to the Court's docket, and the parties are litigating the case in the SDNY. An amended pleading (the Third Amended Complaint) has been filed, and the parties are embarking on the briefing of motions to dismiss and to strike, which will be submitted to Your Honor for decision.

Plaintiff's motion does not indicate in any way what right plaintiff is seeking to protect or vindicate by having Judge Scheindlin's order confirmed. Indeed, it does not appear from Plaintiff's motion that there is any controversy that the action, in fact, has been remanded and is being litigated in the SDNY.

PKFOD is not in any way resisting the fact the action has been remanded by the arbitrator to the SDNY. However, we feel constrained to note that it does not appear that the Court has subject matter jurisdiction to entertain the plaintiff's motion.

The FAA authorizes a party to an arbitration agreement to petition a federal court for various forms of relief, whether it be to vacate or confirm such an award. But the Act's authorization of such applications (motions) does not itself create federal subject-matter jurisdiction. Rather, a federal court must have an "independent jurisdictional basis" to do so. *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The Supreme Court recently held that for applications brought under either FAA Sections 9 or 10 the Court must have an independent basis to find subject matter jurisdiction without "looking through" the application to the underlying claims. *Badgerow v. Walters*, 596 U.S. 1, 142 S. Ct. 1310 (2022).

Further, since the relief set forth in the order plaintiff seeks to confirm (i.e., remanding the case to the SDNY) has been fully satisfied and the case is, in fact, being litigated in the SDNY, plaintiff's motion is moot. Pursuant to Article III of the U.S. Constitution, the Court's subject matter jurisdiction is limited to cases and controversies, which does not exist if the issue being presented is moot. *Stafford v. IBM*, 78 F.4th 62 (2d Cir. 2023). There is no longer any controversy that this action will proceed in the SDNY—plaintiff's motion to remand was granted the ongoing litigation before Your Honor is conclusive evidence that no actual controversy continues.

Based on the arguments set forth below, it is respectfully submitted that the Court should decline to consider plaintiff's motion seeking to confirm the arbitration order based on the absence of subject matter jurisdiction to consider the issue.

296782547v.1

## FACTS

**Subject Matter Jurisdiction**

Plaintiff's motion does not specifically address whether the Court has subject matter jurisdiction to consider the request to confirm the arbitration order. To the extent facts can be found in plaintiff's memorandum of law in support of its motion that pertain to subject matter jurisdiction, those facts are limited to "looking through" the motion to what is alleged in plaintiff's Third Amended Complaint as facts supporting the RICO claims ("TAC"). *See* Mem. of Law in Support at 4-5, *citing* Dkt. No. 42 ¶ 379. The TAC itself alleges that the Court has subject matter jurisdiction based on federal questions presented in the TAC. Dkt. No. 42 ¶ 19. The TAC also alleges that plaintiff and defendants are all citizens of New York. Dkt. No. 42 ¶¶ 7-18.

**Mootness**

The November 20, 2023 AAA order plaintiff seeks to confirm grants plaintiff's motion to remand the matter to the SDNY. Zlotnick Decl. Exhibit 1. Plaintiff's present motion recites the fact that this action was restored to the Court's docket on February 12, 2024, in response to Judge Scheindlin's order. It would seem self-evident from the fact that this motion is before the Court that the action is being litigated in the SDNY in line with the order granting plaintiff's motion to remand.

## ARGUMENT

**THE COURT SHOULD CONSIDER ITS SUBJECT MATTER JURISDICTION TO CONFIRM THE ARBITRATION ORDER**

**A.     There is no independent subject matter jurisdiction**

The United States District Courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Soc. of America*, 511 U.S. 375, 377 (1994). District Courts have the

3

authority to decide diversity matters, i.e., suits between citizens of different states involving matters valued at more than $75,000 as set forth at 28 U.S.C. § 1332(a), and to decide federal question matters, i.e., is suits arising under federal law as set forth at 28 U.S.C. § 1331.

The United States Supreme Court has adopted a restrictive view of federal subject matter jurisdiction to review an arbitrator's award pursuant to FAA sections 9 and 10, requiring that the Court have an independent basis for federal subject matter jurisdiction for such applications because these FAA sections do not, by themselves, provide subject matter jurisdiction. *Badgerow v. Walters*, 596 U.S. 1 (2022) Previously, in *Vaden v. Discover Bank* (556 U.S. 49 (2009)), the Supreme Court held that a District Court may "look-through" an application to compel arbitration under section 4 of the FAA to consider the underlying allegations in the pleadings to determine subject matter jurisdiction based on the clear language in section 4. The Court reasoned that specific language in Section 4 instructed a federal court to "look through" the application to the "underlying substantive controversy" to determine jurisdiction. *Id.* at 62.

In *Badgerow v. Walters, supra* the Supreme Court considered whether that same "look-through" approach to jurisdiction applies to requests to confirm or vacate arbitration awards under sections 9 and 10 of the FAA. In *Badgerow*, the Supreme Court resolved a split between the Circuits by adopting the more restrictive view that the "look-through" approach may not be used to assess subject matter jurisdiction for FAA sections 9 and 10. In discussing the rather unique nature of the "look-through" approach, the Supreme Court stated:

> "The look-through rule is a highly unusual one: It locates jurisdiction not in the action actually before the court, but in another controversy neither

4

there nor ever meant to be. We recognized that rule in *Vaden* because careful analysis of Section 4's text showed that Congress wanted it applied to petitions brought under that provision. But Congress has not so directed in Sections 9 and 10."

*Badgerow*, 142 S. Ct. at 1317.

The Court reasoned that just because a federal court had jurisdiction to compel arbitration does not automatically mean that the same court would have jurisdiction to vacate, modify, or confirm the award. *Id.* There is a different analysis applicable to motions to vacate, modify, or confirm arbitration awards, which are governed by different sections of the FAA. Unlike motions to compel arbitration, federal courts are not permitted to simply "look through" a motion to vacate, modify, or confirm to see whether there is a federal question involved in the underlying matter. Instead, a federal court must determine whether it has jurisdiction based on the motion itself. *Id.* The Court stated that a District Court may not "go beyond the face of the Section 9 and 10 applications to find a basis for jurisdiction. *Id.* The Supreme Court found that the "look through" approach permitted by the language of Section 4 of the FAA simply does not exist in sections 9 and 10 of the FAA.

The Court stated that except for applications under section 4, the FAA requires all "applications go to the *state*, rather than federal, courts when they raise claims between non-diverse parties involving state law." *Badgerow*, 142 S. Ct. at 1320 (emphasis added). In reaching this conclusion, the Supreme Court noted that the matter before a District Court in an application to confirm or vacate an arbitration award is a contractual dispute controlled by state law, not what was alleged in the underlying dispute. *Id.*

One might naturally question whether the *Badgerow* prohibition against "looking through" should apply to a matter where arbitration previously had been compelled and

5

the matter stayed by the Court pursuant to FAA sections 3 and 4, if the matter subsequently comes back to that same Court after proceedings in arbitration to confirm or vacate the award pursuant to FAA sections 9 or 10, which is the situation in the present action. The Courts that have carefully considered this issue since *Badgerow* have concluded that it does. *See Smartsky Networks, LLC v DAG Wireless, Ltd.*, 93 F.4th 175 (4th Cir. 2024); *Kaki v Tenet Healthcare Corp.*, 2022 U.S. App. LEXIS 18062 (6th Cir. June 29, 2022). In *Smartsky Networks, LLC*, the Fourth Circuit held that the Supreme Court's prohibition against using the "look-through" approach in *Badgerow* applied just as strongly to cases that previously had been stayed pursuant to FAA section 3 as it did to applications that had never been before the court previously. The Fourth Circuit specifically found that post-*Badgerow*, there was no distinction between those applications first brought before a court under Sections 9 and 10 of the FAA to confirm or vacate an arbitration award, and those applications where the underlying case was stayed pending arbitration pursuant to Section 3 of the FAA and the matter then came back to the same Court. *See Smartsky Networks,* 93 F.4th at 183. The Court reasoned that this was "a distinction without a difference" (*Id.* at 183), and, the fact that an underlying case previously was stayed pursuant to FAA section 3, neither creates "continuing jurisdiction" nor does it provide an anchor that would allow a District Court that previously stayed that case to retain or extend its subject matter jurisdiction over subsequent applications under FAA sections 9 and 10. *Id.* at 184; *see also White v Titlemax of Virginia*, 2024 U.S. App. LEXIS 10593 (4th Cir. May 1, 2024)(holding the same); *cf., Jules v. Andre Balazs Props.*, 2023 U.S. Dist. LEXIS 161406 (S.D.N.Y. Sept. 12, 2023)(rejected by *Smartsky Networks*, fn. 8). Similarly, the Second Circuit has

6

questioned without deciding whether the "jurisdictional anchor" approach has any vitality after *Badgerow* (*Malkin v. Shasha*, 2023 U.S. App. LEXIS 9410, *6 (2d Cir. Apr. 20, 2023), and the Sixth Circuit has reached the same conclusion as the Fourth Circuit that an independent jurisdictional basis must be established even if the case previously was before the same court previously and stayed pending arbitration pursuant FAA section 3. *Kaki v Tenet Healthcare Corp.*, 2022 U.S. App. LEXIS 18062 (6th Cir. June 29, 2022)

Here, plaintiff has not set forth any independent jurisdictional basis for the Court to have subject matter jurisdiction over the motion to confirm the arbitration order. Instead, plaintiff has only pointed to the underlying allegations in the TAC to support jurisdiction. The Supreme Court's ruling in *Badgerow* makes it clear that a "look-through" approach to the underlying dispute cannot be utilized to determine whether the Court has subject matter jurisdiction. Since a "look through" is all that plaintiff has offered in its motion, PKFOD respectfully submits that the Court should decline to rule on the motion due to a lack of subject matter jurisdiction.

To the extent plaintiff may argue that the prior order granting defendants' motion to stay the action and compel arbitration pursuant to FAA sections 3 and 4 provides a jurisdictional anchor for the Court to decide the present motion there are at least two responses. First, there is nothing in the *Badgerow* decision that would support this differing treatment. While the concept of a jurisdictional anchor may have been posited by the *Badgerow* dissent, it is not part of the majority opinion. Instead, the majority opinion sternly warns that Federal District Courts do not have subject matter jurisdiction to address what amount to contractual disputes over the enforceability of arbitration agreements between citizens of the same state without any suggestion that the analysis

7

would be different if the parties previously had been before the same Court. Second, the Courts that have carefully considered this argument had rejected it, and the Second Circuit has questioned its merit.

Ultimately, plaintiff is asking the Court to address a dispute between citizens of the same state concerning the enforceability of a contract they entered without any semblance of a federal question coming into consideration. Accordingly, it is respectfully submitted that the Court should decline to address plaintiff's motion because the Court does not have subject matter jurisdiction.

### B.      Plaintiff's application should be denied as moot

An actual and extant controversy must be before the Court at all stages of review to constitute a "case" or "controversy" for purposes of Article III of the Constitution. *Stafford v. IBM*, 78 F.4th 62, 67 (2d Cir. 2023). Unless a concrete injury that is real and not abstract can be identified, the Court should decline review. *Id.* Accordingly, if the relief granted by an arbitrator already has been realized and/or received by the claimant prior to seeking confirmation of the arbitration award, the request to confirm should be denied a moot. *Id.* at 68-69 (IBM's payment of the amount set forth in the arbitration award prior to the petition to confirm being reviewed by the Court rendered the petition moot because the petitioner had received all to which she was entitled and, therefore, no longer had a concrete injury).

Here, the arbitrator's order granted plaintiff's motion to remand the case to the SDNY. That is the only relief granted by the order. In response to the arbitration order, the action was restored to the Court's active docket, the TAC was filed, the parties have conferred on pre-answer motion practice, letters concerning motions to dismiss and to

strike have been submitted to the Court, the Court held a conference concerning the requests to filed pre-answer motions, the request was granted, a briefing schedule was set, and the parties will proceed in accordance with that schedule. Plaintiff asked for the action to be remanded, the arbitration order granted that request, and the case has, in fact, been remanded, and is proceeding. Plaintiff has received all of the relief provided for in the arbitration order. Accordingly, the plaintiff has no concrete injury, so the present request is moot and should be denied as such.

In the *Stafford* decision, the Second Circuit noted that an injury was concrete only if it was real and not abstract. *Stafford*, 78 F.4th at 67. Plaintiff's motion does not indicate any real injury it is seeking to have redressed by confirmation of the arbitration order. Thus, PKFOD and the Court are left to speculate what concrete injury confirmation would redress. In light of the fact that the only relief granted by the arbitration order was remand, and remand already has occurred, plaintiff's motion is moot because there is nothing to support any notion of injury other than speculation and conjecture.

Accordingly, it is respectfully submitted that plaintiff's motion should be denied as moot.

## **CONCLUSION**

For the foregoing reasons, PKFOD respectfully requests that the Court deny plaintiff's motion seeking to confirm the arbitration order.

Dated: White Plains, New York
May 10, 2024

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: */s/ Peter J. Larkin*
Peter J. Larkin
Kevin Shaftan
1133 Westchester Avenue
White Plains, New York 10604
(914) 872-7847
Peter.Larkin@wilsonelser.com
Kevin.Shaftan@wilsonelser.com
*Counsel to Defendants PKF O'Connor Davies, LLP; O'Connor Davies, LLP; O'Connor Davies Munns & Dobbins, LLP; Thomas P. Kennedy; Christopher J. McCarthy; Michael J. Suarez; Garrett M. Higgins*